UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

SOPHIA FRANCIS,

                           Plaintiff,

                -against-

THE CITY OF NEW YORK, NYPD POLICE OFFICER
KAELAN D. JONES, Shield No. 21021, NYPD POLICE
OFFICER JON P. DERISE, Shield No. 15542, NYPD
POLICE OFFICERS JOHN AND JANE DOES
NUMBERS ONE THORUGH TEN,

                           Defendants.

------------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

Case No.   1:25-cv-5566

Plaintiff, SOPHIA FRANCIS, by her attorneys, SHULMAN & HILL, PLLC as and for her complaint, alleges upon information and belief as follows:

## PRELIMINARY STATEMENT

1.      This is a civil rights action to recover money damages arising out of defendants' violation of Plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988, rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2.      This claim arises from a July 14, 2024 incident in which defendants, acting under color of state law assaulted and used grossly excessive force against Plaintiff inside of Brookdale University Hospital at 1 Brookdale Plaza, in the County of Kings, State of New York.

3.      Plaintiff herein seeks redress for the constitutional and physical injuries inflected on her by defendants under color of law.

-1-

## JURISDICTION

4.      This action is brought in this Court pursuant to 42 U.S.C §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

1.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4), this being an action seeking an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

2.      This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 under those claims that arise under the Constitution and Laws of the State of New York, as all of those claims derive from the same common nucleus of operative facts as Plaintiff's federal claims, as well they are part of the same case or controversy that gives rise to the federal claims and causes of action here.

3.      Plaintiff has complied with the requirements of New York General Municipal Law 50-i.

4.      Plaintiff served a Notice of Claim on the Municipal Defendant on July 22, 2024, within the time required by the General Municipal Law.

5.      More than 30 days have passed since the service of the Notice of Claim. On July 22, 2024.

## VENUE

6.      Venue is proper in the United Stated District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391(a), (b), and (c), as a substantial part of the events giving rise to this claim occurred in this district.

## JURY DEMAND

7.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

8.      At all times relevant hereinafter mentioned, Plaintiff, Sophia Francis, was a resident of Kings County, in the City and state of New York.

9.      At all times hereinafter mentioned, DEFENDANT, the CITY OF NEW YORK ("the City"), was a municipal corporation duly organized and existing under the laws of the State of New York.

10.     The City is authorized to maintain a police department, the New York City Police Department ("NYPD"), which is authorized to perform all functions of a police department per the applicable sections of the New York State Criminal Procedure Law.

11.     At all times hereinafter mentioned, Defendant NYPD Police Officer Kaelan D. Jones, Shield No. 21021, was a duly sworn police officer and an employee of the City and a member of the NYPD.

12.     Defendant, Officer Jones, is being sued in his individual and official capacities.

13.     At all times hereinafter mentioned, Defendant NYPD Police Officer Jon P. Derise, Shield No. 15542, was a duly sworn police officer and an employee of the City and a member of the NYPD.

14.     Defendant, Officer Derise, is being sued in his individual and official capacities.

15.     At all times relevant herein, defendants Jones and Derise acted under color of state law in the course and scope of their duties and/or functions as agents, employees, and officers of the City and/or the NYPD, and incidental to the lawful pursuit of their duties as agents, employees, and/or officers of the City and/or the NYPD.

16.     At all times relevant herein, defendants Jones and Derise violated clearly established rights and standards under the United States Constitution, of which reasonable police officers in their respective circumstances would have known.

17.     NYPD POLICE OFFICERS JOHN AND JANE DOES NUMBERS ONE THROUGH TEN, were, at all times relevant herein, employees of the City of New York and members of the NYPD, whose names are presently unknown to Plaintiff. The true names of these officers will be added, upon motion, when their identities are revealed through discovery.

18.     NYPD POLICE OFFICERS JOHN AND JANE DOES NUMBERS ONE THROUGH TEN are being sued in their individual and official capacities.

19.     At all times relevant herein, defendants NYPD POLICE OFFICERS JOHN AND JANE DOES NUMBERS ONE THROUGH TEN acted under color of state law in the course and scope of their duties and/or functions as agents, employees, and officers of the City and/or the NYPD, and incidental to the lawful pursuit of their duties as agents, employees, and/or officers of the City and/or the NYPD.

20.     At all times relevant herein, defendants NYPD POLICE OFFICERS JOHN AND JANE DOES NUMBERS ONE THROUGH TEN violated clearly established rights and standards under the United States Constitution, of which reasonable police officers in their respective circumstances would have known.

## **FACTUAL ALLEGATIONS TO ALL COUNTS**

21.     On July 14, 2024, at approximately 6:10 p.m., Plaintiff was shackled and handcuffed to a hospital bed inside of Brookdale University Hospital, 1 Brookdale Plaza, in the County of Kings, State of New York.

22.     At the referenced time and place the defendant officers subjected Plaintiff to grossly excessive force without legal justification.

23.     Plaintiff was brought to the Brookdale University Hospital, while she was in custody on or about July 14, 2024, at approximately 9:00 a.m.

24.     While in the hospital, Plaintiff was placed in handcuffs and leg shackles, restricting her movements entirely.

25.     In the evening of July 14, 2024, when seeking assistance from medical professionals regarding the pain Plaintiff was in as a result of the shackles, Plaintiff requested if the shackles could be loosened.

26.     At this point defendant Jones, grabbed Plaintiff's handcuff attached to the hospital frame, charged at plaintiff and began striking, punching, and choking Plaintiff.

27.     Shortly thereafter, defendant officer Derise, employed the use of his baton, striking plaintiff multiple times.

28.     Defendant Derise then further subjected Plaintiff to hair-pulling.

29.     Moments later, defendant Derise applied pressure directly to Plaintiff's neck, preventing her from breathing.

30.     Upon information and belief, medical staff and other hospital staff were required to interrupt defendant officers' actions and stop the onslaught of attacks from defendant officers Derise and Jones.

31.    As a result of defendant officers' actions, Plaintiff suffered severe physical injury and trauma to her back, head, right shoulder, and chest.

32.     The above actions of defendant officers also caused Plaintiff to have a right 10th rib fracture.

33.    As a result of this incident, Plaintiff suffered from substantial injuries inclusive of, but not limited to, her neck, arms, back, ribs, as well as emotional and psychological injuries.

34.    Since the incident, Plaintiff has experienced increased anxiety and depression.

35.    Some of the police officer defendants observed the violation of Plaintiff's rights under the constitution of the United States and New York State Law and did nothing to prevent their fellow officers from unjustifiably arresting, confining, and using excessive force against Plaintiff.

36.    The unlawful arrest, confinement, and use of excessive force by the individually named defendants caused Plaintiff to sustain physical, psychological, and emotional trauma.

**DAMAGES**

a)  Plaintiff has been grievously injured.

b)  As a direct and proximate result of the acts of defendants, Plaintiff has suffered the following injuries and damages:

c)  Violations of her rights under the laws and Constitution of the State of New York;

d) Violation of her rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their person;

e) Violation of her rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

f) Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

g) Substantial physical injury;

h) Loss of Liberty and Civil Rights.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
**Negligence**
*Against All Defendants*

37.     Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

38.     Defendants owed a duty of care to Plaintiff.

39.     To the extent defendants claim that the injury to Plaintiff by the defendant officers were unintentionally caused and that the force used by defendants against them was unintentional, then the defendants breached a duty of care by, among other things, hitting her with a nightstick, punching her, pulling her hair, and choking her, all while she was in handcuffs and leg shackles.

40.     As a direct and proximate result of such acts, defendants deprived Plaintiff of her rights under the laws of the State of New York.

41.     All of the foregoing occurred without any fault or provocation by Plaintiff.

42.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

43.     The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

44.     As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

## SECOND CAUSE OF ACTION
### Assault
### *Against All Defendants*

45.     Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

46.     Defendants, their agents, servants, and employees, acting within the scope of their employment, intentionally, willfully, and maliciously assaulted Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent, and/or menacing act which threatened such contact to Plaintiff, that such acts caused apprehension of such contact in Plaintiff.

47.     As a direct and proximate result of such acts, defendants deprived plaintiff of her rights under the laws of the State of New York.

48.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

49.     The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

50.     As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

### THIRD CAUSE OF ACTION
**Battery**
*Against All Defendants*

51.     Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

52.     Defendants, their agents, servants, and employees, acting within the scope of their employment, intentionally, willfully, and maliciously battered Plaintiff when they, in a hostile and/or offensive manner, roughly grabbed Plaintiff, who was restricted in movement by leg shackles and handcuffs, and struck her with head strikes, body blows, baton strikes, hair pulling, and choking, and with the intention of causing harmful and/or offensive contact to Plaintiff and caused such batteries.

53.     As a direct and proximate result of such acts, defendants deprived Plaintiff of her rights under the laws of the State of New York.

54.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

55.     The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

56.     As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

## FOURTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress
### *Against All Defendants*

57.     Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

58.     By the actions described herein, defendants, each acting individually and in concert with one another, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to Plaintiff.

59.     Specifically, being grotesquely assaulted while restrained by leg shackles and handcuffs to a hospital bed.

60.     The acts of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated plaintiff's statutory and common law rights as guaranteed Plaintiff by the laws and the constitution of the State of New York.

61.     As a direct and proximate result of such acts, defendants deprived Plaintiff of their rights under the laws of the State of New York.

62.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

63.     The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

64.     As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

## FIFTH CAUSE OF ACTION
### Negligent Hiring, Retention, Training, and Supervision
#### *Against Defendant City*

65.     Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

66.     The City of New York and its employees, servants, and/or agents acting within the scope of their employment did negligently hire, retain, train, and supervise defendants, individuals who were unfit for the performance of police duties on the aforementioned dates at the aforementioned locations.

67.     Upon information and belief, the City of New York and its employees, servants, and/or agents acting within the scope of their employment did knowingly hire and appoint defendant officers to positions that they would be unqualified for.

68.     These actions are a matter of public record and have been the subject of both ongoing litigation in New York State Supreme Court and widespread media attention.

69.     Upon information and belief, the City of New York itself has deemed that certain induvial defendant officers were deemed unqualified to serve and that but for the actions of one of the City's agents would not have been hired.

70.     The City of New York is involved in ongoing litigation relating to the hiring and firing of these officers who have been found to be unfit for service.[1]

71.     The City, as discussed herein, failed to adequately train its employees, created a foreseeable risk of injury to civilians, which the city had an obligation to prevent through the assumption of risk incidental to maintaining a police department.

---

[1] *See* Police Benevolent Association of the City of New York, Inc. et al, v. City of New York et al., Index No. 158777/2025 (Sup. Ct. New York Cty. Argued July 15, 2025).

72. The City, as discussed herein, further negligently retained unfit officers, supervisors, and commanding officers, who contributed to the patterns, policies, and practices that allowed for the injuries herein claimed to occur to Plaintiff.

73. The dangerous propensities of the NYPD police officers, including those of the 73rd and 75th precinct, created a risk that the City should have known would harm the public.

74. The City was negligent in its supervision of the individual defendant officers, and the NYPD more broadly, as evidenced by the history of constitutional violations against civilians, including those involving excessive force.

75. The City's negligence led to Plaintiffs injures here within claimed.

76. Plaintiff was injured in a manner utterly intolerable in a civilized society, that shocks the conscience to an astounding degree.

77. Accordingly, defendants are also liable for punitive damages.

### SIXTH CAUSE OF ACTION
**Failure to Intervene**
*Against Individual Defendants*

78. Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

79. The defendants that did not physically touch plaintiff but were present when other officers violated Plaintiff's Constitutional Rights had an affirmative duty to intervene on behalf of Plaintiff, whose Constitutional Rights were being violated in their presence by other officers.

80. Defendants failed to intervene to prevent the unlawful conduct described herein.

81.     As a result of the foregoing, plaintiff suffered serious, debilitating, and permanent physical, emotional, and psychological injury, their liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subject to other physical constraints.

82.     As a direct and proximate result of such acts, defendants deprived Plaintiff of their rights under the laws of the State of New York.

83.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

84.     The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

85.     As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

### SEVENTH CAUSE OF ACTION
**Violation of Article I, § 12 of the New York State Constitution**
***Against All Defendants***

86.     Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

87.     Such conduct breached the protections guaranteed to Plaintiff by the New York State Constitution, including but not limited to, Article 1, §§ 1, 6, 8, 9, 11, and 12, and including the following rights:

  i.    Freedom from unreasonable search and seizure of her person and property;
  ii.   Freedom from arrest without probable cause;
  iii.  Freedom from false imprisonment, that being wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which wrongful detention plaintiff was aware and did not consent;

<ol type="i" start="4">
<li>Freedom from the lodging of false charges against her by police officers and prosecutors, including on information and belief, by some or all of the individual defendants; and</li>
<li>Freedom from deprivation of liberty without due process of law.</li>
</ol>

88. As a direct and proximate result of defendants' deprivations of plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, Plaintiff suffered physical injury, economic and emotional injuries, as well as a deprivation of liberty.

89. As a result of the above tortious conduct, Plaintiff were caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

90. As a direct and proximate result of such acts, defendants deprived Plaintiff of their rights under the laws of the State of New York.

91. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

92. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

93. As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

## EIGHTH CAUSE OF ACTION
### Individual Defendant officer's Violation of Plaintiff's AC 8-802 Rights
### *Against Individual Defendants*

94. Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

95. The acts of Defendant Officers constituted conduct under color of any law, ordinance, rule, regulation, custom or usage.

96.     The acts of Defendant Officers caused Plaintiff to be deprived of her rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit:  to be secure in her person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

97.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

98.     The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

99.     By reason of the acts and omissions by Defendants described above, Plaintiff has endured physical, emotional and psychological injuries and was otherwise damaged and injured.

## NINTH CAUSE OF ACTION
### Individual Defendant Officer's Failure to Intervene in Violation of Plaintiff's AC 8-802 Rights
#### *Against Individual Defendants*

100.     The Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

101.     The acts of Defendant Officers constituted conduct under color of any law, ordinance, rule, regulation, custom or usage.

102.     Defendant Officers had a duty to protect Plaintiff from violations of her rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit:  to be secure in her person, house, papers, and effects against unreasonable searches and seizures, and to be

secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

103.     The Defendants that did not physically touch Plaintiff, but were present when other officers violated Plaintiff's AC 8-802 right against unreasonable search and seizure and excessive force had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

104.     Defendants failed to intervene to prevent the unlawful conduct described herein, thereby failed in their duty to intervene to protect Plaintiff from violation of her rights.

105.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

106.     The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

107.     By reason of the acts and omissions by Defendants described above, Plaintiff has endured physical, emotional and psychological injuries and was otherwise damaged and injured.

### TENTH CAUSE OF ACTION
**City-Employer's Liability for Defendant Officer's Violation of
Plaintiff's AC 8-802 Rights
*Against Defendant City***

108.     The Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

109.     Defendant Officers are "covered individuals" as defined in 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 - 801 in that they are employees of the Police Department or persons appointed by the Police Commissioner as a Special Patrolmen.

110. The City of New York, as the employer of the covered individual Defendant Officers, is liable to the Plaintiff for the wrongdoing of the covered individual Defendant Officers.

111. The acts of Defendant Officers constituted conduct under color of any law, ordinance, rule, regulation, custom or usage.

112. The acts of Defendant Officers caused Plaintiff to be deprived of her rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit: to be secure in her person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

113. The Defendant Officers, while in uniform, unlawfully subjected Plaintiff to excessive force.

114. By reason of the acts and omissions by Defendants described above, Plaintiff has endured physical, emotional and psychological injuries and was otherwise damaged and injured.

### ELEVENTH CAUSE OF ACTION
**City-Employer's Liability for Defendant Officer's Failure to
Intervene in Violation of Plaintiff's AC 8-802 Rights
*Against Defendant City***

115. The Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

116. Defendant Officers are "covered individuals" as defined in 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 - 801 in that they are employees of the Police Department or persons appointed by the Police Commissioner as a Special Patrolmen.

117. The City of New York, as the employer of the covered individual Defendant Officers, is liable to the Plaintiff for the wrongdoing of the covered individual Defendant Officers.

118. The acts of Defendant Officers constituted conduct under color of any law, ordinance, rule, regulation, custom or usage.

119. Defendant Officers had a duty to protect Plaintiff from violations of her rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit: to be secure in her person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

120. The Defendants that did not physically touch Plaintiff but were present when other officers violated Plaintiff's AC 8 – 802 rights against unreasonable search and seizure and excessive force had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

121. Defendants failed to intervene to prevent the unlawful conduct described herein, thereby failed in their duty to intervene to protect Plaintiff from violation of her rights.

122. By reason of the acts and omissions by Defendants described above, Plaintiff has endured physical, emotional and psychological injuries and was otherwise damaged and injured.

## TWELFTH CAUSE OF ACTION
### Deprivation of Federal Civil Rights under 42 U.S.C. § 1983
#### *Against Individual Defendants*

123. Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

124. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a violation of rights that are clearly established by the Constitution of the United States.

125.     All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

126.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

127.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

128.     The Defendant Police Officers and defendant City of New York, collectively and individually, while acting under the color of state law, engaged in Constitutionally violative conduct that constitutes a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the constitution of the United States.

129.     As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to her reputation and standing within his community.

130.     The defendants conduct entitled Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983.

131.     Plaintiff is similarly entitled to reasonable attorney's fees under 42 U.S.C. § 1988 and applicable federal law.

132. As a result of defendants' impressible conduct, Plaintiff demands judgment against defendants in a sum of money to be determined at trial.

## THIRTEENTH CAUSE OF ACTION
### Violation of Plaintiff's Fourth and Fourteenth Amendment
### Rights: Excessive Force Under
### 42 U.S.C. § 1983
### *Against Defendant Officer Jones and Derise*

133. Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

134. The use of excessive force by defendants Jones and Derise by, amongst other things, striking with closed fists, baton strikes, hair pulling, choking Plaintiff represented objectively unreasonable physical seizure of Plaintiff in violation of her rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

135. The conduct of the defendant directly and proximately caused the Plaintiff to sustain injuries hereinbefore alleged.

## PUNITIVE DAMAGES

136. Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

137. The acts of the defendant officers were willful, wanton, malicious, and oppressive, resulting in grave harm to Plaintiff, as discussed herein.

138. Such acts shock the conscience and therefore warrant an award of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the defendants on each cause of action in amounts to be determined upon the trial of this action, inclusive of punitive damages and attorney's fees, and inclusive of statutory interest on such damages, costs and fees, and such other relief as is appropriate under the law and that plaintiff recover the cost of the suit herein, including reasonable attorney's fees pursuant to 42. U.S.C. § 1983, and 1988, and such other further relief as this Court may deem just and appropriate.

Dated:      New York, New York
             October 3, 2025

**SHULMAN & HILL, PLLC**
*Attorneys for Plaintiff*
1 State Street Plaza, 15th Floor
New York, New York 10004


By: *Michael F. Pecorella*
Michael F. Pecorella, Esq.